UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
YONG KUI CHEN, ZU GUANG ZHU,
HAO CHEN, SHUI BING ZHU, GUO REN
HUANG, and YOU HUANG ZHU,

           Plaintiffs-Counter
           Defendants,

    vs.

WAI ? CAFÉ INC. AND WAI YIN CHAN

           Defendant-Counter
           Claimants.

------------------------------------------------------- X

Case No. 10-CV-7254 (JCF)

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>**

      When a case presents claims arising under both federal and state law, a federal court may exercise supplemental jurisdiction over the state-law claims.  But if the federal-law claims are *dismissed*, federal courts must yield jurisdiction when the remaining state-law claim would require the federal court to decide unsettled issues of state law.

      Such is the case here.  Ordinarily, courts do not dismiss claims because they are complicated.  But, here, the only remaining claim turns, in no small part, on an issue that the Second Circuit has already acknowledged to be unsettled—whether an employer must provide certain notices to employees prior to claiming a "tip credit" under the New York Labor Law's minimum wage provisions.

      Under these circumstances, it would be an abuse of discretion for this Court to conduct a retrial limited to Plaintiffs' state-law claim.  Accordingly, their complaint must be dismissed without prejudice for refiling in New York state court.

## BACKGROUND

Plaintiffs were employees of the Wai? Café for various periods between 2004 and 2010. Compl. ¶¶ 1-46, ECF No. 1.  In 2012, they brought this case alleging violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*) and the New York Labor Law (N.Y. Lab. Law Sections §§ 1 *et seq.*).  Compl. ¶¶ 1-2.

Both claims proceeded to trial.  The Fair Labor Standards Act's minimum- and overtime-wage requirements apply only to employees and enterprises who satisfy jurisdictional prerequisites.  *See* 29 U.S.C. §§ 206-207.  The jury found that plaintiffs had not satisfied their burden to prove that they satisfied those jurisdictional prerequisites (Trial Tr. 147:18-22, ECF No. 29), so this Court dismissed Plaintiffs' federal claims (ECF No. 22, at 1-2).  At the same time, the jury found that Mr. Chan had violated the NYLL, and this Court entered judgment accordingly.  ECF No. 22, at 4.

Mr. Chan appealed the judgment against him.  ECF No. 27.  Plaintiffs did not cross-appeal.  The Second Circuit ultimately held that the exclusion of certain evidence offered by Mr. Chan, based on representations by Plaintiffs' counsel that ultimately proved false, was erroneous and prejudicial.  *Yong Kui Chen v. Wai Yin Chan*, 615 F. App'x 10, 11-12 (2d Cir. 2015).

Mr. Chan also challenged the legal standards under which his compliance with the NYLL were assessed.  In its original opinion, the Second Circuit affirmed the legal approach implicit in this Court's original damages ruling.  As relevant here, the Court ruled that an employer may not pay employees the NYLL's rate for tipped employees without providing prior notice.  Summ. Order, No. 12-1845 (2d. Cir. June 4, 2015), ECF No. 198-1.  Mr. Chan asked the panel to reconsider its finding on that point, based on regulatory guidance demonstrating that the notice requirement was newly added in 2011, after the events of this case.  Pet. for Panel Reh'g, No.

12-1845 (2d. Cir. June 17, 2015), ECF No. 203.

The Second Circuit amended its opinion to remove the holding regarding the tip credit. In so doing, the court recognized that "the point is not free from doubt," because:

> numerous courts in this Circuit have held that New York State regulations during this time imposed notice requirements on employers intending to claim a tip allowance. . . . Other courts have held that, prior to a series of amendments in 2011, New York's regulations required no such notice as a prerequisite to claiming a tip allowance.

*Wai Yin Chan*, 615 F. App'x at 14.  The Court therefore left the applicability of the tip credit unresolved.

Upon remand, Mr. Chan moved to dismiss this action for lack of supplemental jurisdiction in May 2016.  ECF No. 56.  The Court denied the motion without prejudice and instructed Mr. Chan to refile in the event that either: (1) Plaintiffs obtain pro bono counsel, or (2) efforts to recruit pro bono counsel prove to be fruitless.  ECF No. 60.  After seven months, the Court instructed Mr. Chan that the Pro Se Office has been unable to locate pro bono counsel and that Mr. Chan should refile his motion.  ECF No. 62.

## ARGUMENT

Although supplemental jurisdiction "is traditionally 'a doctrine of discretion, not of plaintiff's right,'" *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)), the Second Circuit has "repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims."  *Id*. at 128 (citations omitted).  This is the case here, as Plaintiffs' federal-law claims have been dismissed, and their remaining state-law claims raise a novel and complicated question of law.

Under 28 U.S.C. § 1367(a), a federal district court may exercise supplemental jurisdiction over all claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." That provision entitled this Court to exercise jurisdiction over the NYLL claim in the first place.

But § 1367(c) further provides that a court "may decline to exercise supplemental jurisdiction" if, *inter alia*, "the claim raises a novel or complex issue of State law" or "the district court has dismissed all claims over which it has original jurisdiction." When either—or both—of those factors are present, district courts balance "the traditional 'values of judicial economy, convenience, fairness, and comity,' . . . in deciding whether to exercise jurisdiction." *Kolari*, 455 F.3d at 122 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Despite the permissive tone of § 1367(c), the Second Circuit has held that a district court's exercise of supplemental jurisdiction constitutes an abuse of discretion when, as is the case here, the only remaining claims involve complex questions of state-law. *E.g.*, *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305-08 (2d Cir. 2003) (finding that district court abused its discretion by exercising jurisdiction over state-law claim raising novel issues after federal-law claim had been dismissed).

These Second Circuit precedents require the dismissal of this action so that the New York state courts can resolve the unsettled questions of New York law should plaintiffs choose to refile their complaint. In any event, even if dismissal were not compelled by precedent, this Court should exercise its discretion to decline to exercise supplemental jurisdiction, as the traditional values of judicial economy, convenience, fairness, and comity all point towards the same conclusion.

**I.     This Court Is Entitled To Decline Supplemental Jurisdiction In This Case.**

Because a federal court may decline to exercise supplemental jurisdiction only if one of the requirements of § 1367(c) is satisfied, the first analytical step is to evaluate the § 1367(c) requirements. Here, two of the requirements are satisfied. *See* 28 U.S.C. § 1367(c)(1), (3). Either is a sufficient, independent basis for this Court to decline jurisdiction.

**A.  The federal-law anchor claim has been dismissed.**

Although there were two claims at the outset of this case, only the state-law claim remains. As discussed *supra*, this Court dismissed the FLSA claim as a result of the jury's verdict. ECF No. 22, at 1-2. That claim was not resuscitated by Mr. Chan's appeal because "an appellate court may not alter a judgment to benefit a nonappealing party." *Greenlaw v. United States*, 554 U.S. 237, 244-45 (2008); *see also El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999) ("Absent a cross-appeal, an appellee . . . may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary.'") (quoting *United States v. Am. Ry. Exp. Co.*, 265 U.S. 425, 435 (1924)).

Accordingly, the FLSA claim is no longer a part of this case and 28 U.S.C. § 1367(c)(3) is satisfied.

**B.  The state-law claim raises a novel or complex issue of state law that has divided federal courts.**

Additionally, the remaining claim may be dismissed because they raise "a novel or complex issue of state law." 28 U.S.C. § 1367(c)(1). Specifically, if this Court were to retain jurisdiction, it would have to decide whether Mr. Chan is entitled to a tip credit under the NYLL's regulations in effect prior to 2011.

By any definition of the word, this issue is complex. As the Second Circuit recognized in this case, courts in the Circuit have split over the question. *Wai Yin Chan*, 615 F. App'x at 14.

And, in general, "[q]uestions of statutory interpretation involving local statutes are best resolved in the first instance by the local courts." *Cannon v. District of Columbia*, 10 F. Supp. 3d 30, 40 (D.D.C. 2014).  That is particularly true here, because the NYLL "is intricate," *Muhlrad v. Mitchell*, 1997 WL 182614, at *5 (S.D.N.Y. Apr. 14, 1997) (Cote, J.) (declining to exercise supplemental jurisdiction over NYLL claim), and because the disagreement among courts in this Circuit stems from an amendment to that law, *see Pac. Bell Tel. Co. v. City of Walnut Creek*, 428 F. Supp. 2d 1037, 1047-49 (N.D. Cal. 2006) (declining to exercise supplemental jurisdiction because statutory amendment raised complex questions of state law).

The confusion over the availability of a tip allowance before 2011 stems from the NYLL's intricate regulatory structure.  Like federal law, the NYLL sets a statutory minimum wage.  *See* N.Y. Lab. Law § 652 (McKinney 2016).  But, unlike federal law, the NYLL also allows *ad hoc* wage boards to set minimum wages for specific industries through wage orders. *See id*. § 653.

Before 2011, the minimum wage for employees in the restaurant industry was governed by one such wage order.  *See* N.Y. Comp. Codes R. & Regs. tit. 12 § 137 (2009).[1]  Meanwhile, another wage order set the minimum for employees in the hospitality industry.  *See id*. § 138 (2009).[2]  In 2010, the wage board consolidated those into a new, single order that became effective on January 1, 2011.  *See* XXXII N.Y. Reg. 26 (December 29, 2010).[3]  The old orders were repealed, and the consolidated order was codified at a different part of the code.  *See* N.Y. Comp. Codes R. & Regs. tit. 12 §§ 137, 138, 146. (2016).

---

[1]   Part 137 is available online at http://www.labor.state.ny.us/formsdocs/wp/CR137.pdf.

[2]   Part 138 is available online at http://www.labor.state.ny.us/formsdocs/wp/Part138s.pdf.

[3]   Available at https://docs.dos.ny.gov/info/register/2010/dec29/pdfs/rules.pdf.

This new order explicitly allows an employer to claim a tip credit, up to a maximum amount, so long as "the employee has been notified of the tip credit as required in Section 146-2.2." *Id.* § 146-1.3 (2016). Section 146-2.2, in turn, requires that employers provide notice of any tip credit prior to the start of employment and prior to any change in the employee's hourly wage. *Id.* § 146-2.2 (2016).

The previous order, however, did not predicate the availability of a tip credit on any advance notice. *Compare id.* §§ 137-1.4, 1.5 (2009) (only limitation imposed on tip credits is the amount that may be claimed) *with id.* § 146-1.3 (2016) (adding a notice requirement). And the old order did not require notice before hiring or changing wages, either. *Compare id.* §§ 137, 138 *et seq.*, (2009) *with id.* § 146-1.3 (2016); *see also* XXXII N.Y. Reg. 22 (October 20, 2010) (stating that the consolidated wage order seeks to remedy the problem of underpayment by requiring notice to employees "at the time of hiring and at any time prior to a change in the wage rates").[4] Recognizing that the wage board added these provisions in 2011, some federal courts have held that there was no notice precondition prior to 2011. *See*, *e.g.*, *Wei Yan Yan v. 520 Asian Rest. Corp.*, 2014 WL 7177259, at *10 (S.D.N.Y. Dec. 17, 2014). But other courts have disagreed. *See*, *e.g.*, *He v. Home on 8th Corp.*, 2014 WL 3974670, at *6 (S.D.N.Y. Aug. 13, 2014).

Thus, it is undisputed that New York Law has obligated employers to provide wage statements since before 2011. It is an unsettled question of state law, however, whether the old order implicitly predicated the availability of a tip credit on compliance with the wage statement rule. That issue is of consequence to this case, because the minimum wage with the tip credit

---

[4]  Available at https://docs.dos.ny.gov/info/register/2010/oct20/pdfs/rules.pdf.

was as low as $4.90 in 2010, compared to $7.25 without.[5]

## II. This Court Is Required To Exercise Its Discretion To Decline Supplemental Jurisdiction.

A proper exercise of this Court's discretion requires the dismissal of Plaintiffs' remaining claim. The Second Circuit has "repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 188, 124 (2d Cir. 2006) (citations omitted); *see also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003) (collecting cases). This is because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Kolari*, 455 F.3d at 122 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966)). That concern is so strong that it is an abuse of discretion to retain jurisdiction in these circumstances, even when the parties agree to litigate the supplemental claims in federal court. *See Seabrook v. Jacobson*, 153 F.3d 70, 73 (2d Cir. 1998).

Indeed, even without the existence of a novel question of state law, "[c]ourts in the Second Circuit routinely dismiss complaints where the FLSA provided the jurisdictional hook and the rest of a plaintiff's claims arise under state law." *Amparo v. Ink Point Tattoo*, 2015 WL 224360, at *4 (S.D.N.Y. Jan. 15, 2015) (Schofield, J.) (citation omitted); *see also Yang Li v. Ya Yi Cheng*, 2012 U.S. Dist. LEXIS 40241, at *16 (E.D.N.Y. Jan. 9, 2012) (collecting cases); *cf. Sheng v. Time Warner Cable of New York City*, 2010 WL 3292681, at *5 (S.D.N.Y. June 29, 2010) (Francis, J.) (In "the usual case in which all federal-law claims are eliminated before trial,

---

[5] The wage order allowed employers to claim a tip allowance as high as $1.60 per hour if the employee received between $1.60 and $2.35 per hour in tips, and as high as $2.35 per hour if the employee received that or more in tips. N.Y. Comp. Codes R. & Regs. tit. 12 § 137-1.4(5) (2009).

the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (citation omitted), *R & R adopted*, 2010 WL 3292680 (S.D.N.Y. Aug. 18, 2010).

Those holdings reflect the application of the basic rule from *Cohill*, that the balance of factors used to assess the appropriateness of supplemental jurisdiction—judicial economy, convenience, fairness, and comity—all point toward declining to exercise jurisdiction over state-law claims when the federal-law claims have been dismissed before trial. 484 U.S. at 350 n. 7.

*Convenience*. Should Plaintiffs choose to refile, litigating these claims will be no less convenient, as the proper forum will be in New York City. *See Reed v. Sandstone Properties, L.P.*, 2013 WL 1344912, at *10 (C.D. Cal. Apr. 2, 2013) ("Finally, there is no indication that having the matter heard in Los Angeles Superior Court, which is located in the same city as this court, will cause the parties any inconvenience.").

*Fairness*. Dismissal of Plaintiffs' claims will not prejudice the Plaintiffs—nor Mr. Chan—because this Court has issued no orders on any pretrial motions that would benefit either party. In fact, dismissal will be *more* fair to the parties, as it would procure "for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726.

*Judicial Economy*. Although the NYLL claims have been tried once before this Court, judicial economy favors dismissal as well. This factor does not look at the past expenditure of resources in federal court; it looks at the future expenditure necessary to obtain a final verdict. That is why courts have approved of dismissal of pendent state-law claims that were remanded for a second trial. *See Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 905-06 (7th Cir. 2007) (Posner, J.) (affirming dismissal after remand because state-law claims were complex and federal claims had been dismissed during the first trial); *see also* S*ibley v. Lemaire*, 184 F.3d

481, 483 (5th Cir. 1999) (affirming dismissal of state-law claims after court granted defendants' motion for a new trial). By that metric, judicial economy compels dismissal. The parties have not briefed, and this court has not ruled on, any dispositive or evidentiary rulings. Furthermore, the small amount of discovery produced to date will be transitively useful in state court. *Nat'l Westminster Bank, PLC v. Grant Prideco, Inc.*, 343 F. Supp. 2d 256, 258 (S.D.N.Y. 2004). Plaintiffs' claims now stand at square one, and dismissal will not require the parties or New York's state courts to duplicate any efforts expended thus far.

*Comity*. Because the federal claims have been dismissed, and the availability of a tip credit is a novel question, comity favors dismissal as well. *See Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided . . . as a matter of comity.").

### III. Even If Not Required, This Court Should Exercise Its Discretion To Decline Supplemental Jurisdiction.

Even if this Court were free to exercise its discretion, the sensible outcome would be to dismiss the remaining claim in favor of the New York state courts. The considerations of comity and New York's right to interpret its own laws weigh heavily in favor of this Court's abstention. Conversely, given that an entire new trial would be required on plaintiffs' remaining claim, the interests in persisting under federal jurisdiction are minimal, particularly given the paucity of discovery in this case.

### CONCLUSION

This court has dismissed Plaintiffs' FLSA claims, and their NYLL claims incorporate a complicated, unsettled question of state law. Accordingly, this Court should dismiss Plaintiffs' claims without prejudice.

                Respectfully submitted,

                <u>/s/ Brian Netter</u>
                Brian Netter
                MAYER BROWN LLP
                1999 K Street, N.W.
                Washington, D.C. 20006
                Telephone:  (202) 263-3339

                Attorney for Defendant

Dated: March 31, 2017

## **CERTIFICATE OF SERVICE**

I, Brian Netter, hereby certify that on March 31, 2017, I caused copies of the foregoing: (1) Notice of Motion to Dismiss without Prejudice, and (2) Memorandum of Law in Support of Notice of Motion to Dismiss without Prejudice to be sent via certified mail to:

Zu Guang Zhu
48 Market Street, 3A
New York, NY 10002

Zu Guang Zhu
43 Nostrand Ave., Apt. 3C
Brooklyn, NY 11206-5175

Shui Bing Zhu
51 Denker Place
Staten Island, NY 10314

Hao Chen
11 Purdue Street
Staten Island, NY 10314

Guo Ren Huang
21 Clove Lake Place
Staten Island, NY

You Huang Zhu
7 Chatham Square # C571
New York, NY 10038

Jian Hui Lin
13248 41st Road, Apt. 4B
Flushing, NY 11355

Dated: Washington, District of Columbia
March 31, 2017

/s/ Brian Netter
Brian Netter
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3339

Counsel for Defendant