```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
YONG KUI CHEN, ZU GUANG ZHU,         :   10 Civ. 7254 (JCF)
HAO CHEN, SHUI BING ZHU, GUO REN     :
HUANG and YOU HUANG ZHU, on behalf   :   MEMORANDUM
of themselves and others similarly   :   AND  ORDER
situated,                            :
              Plaintiffs,            :
                                     :
     - against -                     :
                                     :
WAI ? CAFÉ INC. and WAI YIN CHAN,    :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2/17
```

This case is on remand for consideration of the plaintiffs' New York Labor Law ("NYLL") claims, following the dismissal of all federal claims. Defendant Wai Yin Chan has moved under Rule 12(b)(1) of the Federal Rules of Civil Procedure for the case to be dismissed without prejudice to refiling in state court pursuant to 28 U.S.C. § 1367(c). For the reasons set forth below, the defendant's motion is granted.

Background

    A.   Allegations

The plaintiffs in this case filed suit in September 2010. Each plaintiff claimed that he had been employed as a delivery person by defendant Wai ? Café Inc. ("Wai ? Café") for some period of time between 2004 and 2010 and worked over forty hours per week and often more than ten hours per day. (Complaint

1

("Compl."), ¶¶ 19-42).  They further alleged that Wai ? Café had failed to pay them properly under the Fair Labor Standards Act ("FLSA") and the NYLL.  (Compl., ¶¶ 43-45).  Accordingly, they sought damages for unpaid minimum wages, overtime wages, and spread of hours pay, and, in addition, sought liquidated and punitive damages.  (Compl. at 9-10).

In response, the defendants denied any liability.  (Answer, ¶¶ 1-2).  As an affirmative defense, the defendants claimed that the first named plaintiff, Yong Kui Chen, had never been employed by Wai ? Café.  (Answer, ¶¶ 35-38).  They further alleged that the other five named plaintiffs had entered into a contract with Wai ? Café in February 2010 that precluded the claims because it provided the plaintiffs with additional compensation and altered the nature of their relationship to Wai ? Café by giving them a stake in the sale of the business.  (Answer, ¶¶ 39-48).  The defendants then asserted a counter-claim against the plaintiffs for allegedly accepting a payment pursuant to the contract with no intention of honoring the agreement.  (Answer, ¶¶ 53-68).

B. Procedural History

1. Trial

A jury trial was held on February 6 and 7, 2012.  Yong Kui Chen v. Wai? Café Inc., No. 10 Civ. 7254, 2012 WL 997004, at *1

(S.D.N.Y. March 26, 2012), aff'd in part, rev'd in part sub nom. Yong Kui Chen v. Wai Yin Chan, 615 F. App'x 10 (2d Cir. 2015). Defendants' counsel was relieved shortly before trial; Mr. Chan proceeded pro se, and Wai ? Café was held to be in default for failing to appear by counsel. Id. I dismissed the claims of plaintiff Yong Kui Chen as he did not attend the trial, but the claims of another plaintiff not named in the Complaint, Jian Hui Lin, were submitted to the jury after he filed a form indicating his consent to sue under the FLSA. Id.

During the course of trial, Mr. Chan sought to introduce documents into evidence that the plaintiffs objected to, including a purported contract between the parties and records indicating additional payments to the plaintiffs. (Trial Transcript ("Tr.") at 80, 109). I deemed these documents to be precluded from admission at trial because plaintiffs' counsel represented to me that they had not been turned over in discovery. (Tr. at 84, 110-12).

Based on the plaintiffs' failure to show that Wai ? Café had gross receipts exceeding $500,000.00, the FLSA claims were dismissed. Yong Kui Chen, 2012 WL 997004, at *1. I retained supplemental jurisdiction over the plaintiffs' NYLL claims, however, because the case had already been tried and substantial resources had been expended in preparation. Id.; see generally

3

Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004). On those claims, the jury found the defendants liable for minimum wage, overtime, and spread of hours pay, but not for liquidated damages as Mr. Chan had not acted willfully. Yong Kui Chen, 2012 WL 997004, at *2.

All parties were invited to propose damage calculations after trial, but only the plaintiffs did so. Id. Following their submission, I determined the damages owed to each plaintiff. Id. Judgment was entered against the defendants Wai ? Café and Mr. Chan accordingly. Id. at *3.

2. Appeal

After I issued my decision, Mr. Chan filed a motion for reconsideration of damages, which I denied. Yong Kui Chen v. Wai? Café Inc., No. 10 Civ. 7254, 2012 WL 1506174, at *1 (S.D.N.Y. April 30, 2012). Mr. Chan also filed an appeal with the United States Court of Appeals for the Second Circuit. (Notice of Appeal in a Civil Case dated April 24, 2012, ECF No. 27). On appeal, counsel was appointed for Mr. Chan, and the plaintiffs appeared pro se. (Affirmation of C.K. Lee dated Aug. 8, 2015, ¶¶ 5-8).

The Second Circuit affirmed the judgment in part and vacated it in part. Yong Kui Chen, 615 F. App'x at 11. The Circuit found that documents may have been improperly excluded

4

at trial and that Mr. Chan should have been given the opportunity to contact his former attorney to determine if counsel had proffered those documents to the plaintiffs. Id. at 12-13.

Mr. Chan also argued on appeal that he was entitled to tip and meal allowances in any damage calculations because the NYLL, unlike the FLSA, "imposed no notice requirements before letting an employer take advantage of either allowance" for the relevant time period. Id. at 14. The Second Circuit noted that it was an unsettled question of law whether notices were required, so I was instructed to consider those arguments on remand. Id.

### 3. Post-Appeal

On remand, Mr. Chan appeared with counsel. Although plaintiffs' counsel moved to withdraw, I initially denied that motion. (Order dated Sept. 16, 2015). It became clear that plaintiffs' counsel had in fact received the documents in question, and Mr. Chan moved for sanctions against the plaintiffs, including dismissal of their claims, based on the allegedly fraudulent representations that plaintiffs' counsel made to the Court. (Memorandum of Law in Support of Defendants' Motion for Sanctions at 1). I denied that motion and granted a motion by plaintiffs' counsel to withdraw. Yong Kui Chen v. Wai? Café Inc., No. 10 Civ. 7254, 2016 WL 722185, at *7

(S.D.N.Y. Feb. 19, 2016). Based on plaintiffs' counsel's concession that the documents Mr. Chan was barred from introducing at trial had in fact been turned over to him in discovery (Declaration of C.K. Lee dated Dec. 23, 2015, ¶¶ 5-6), I determined that a new trial was required. Yong Kui Chen, 2016 WL 722185, at *6.

Mr. Chan then filed a motion asking me to decline to exercise supplemental jurisdiction over the plaintiffs' claims and dismiss the case. (Notice of Motion to Dismiss dated May 4, 2016). I denied this motion without prejudice to refiling once new counsel had appeared on behalf of the plaintiffs or efforts to locate pro bono counsel for the plaintiffs proved futile. (Order dated May 5, 2016). After the Pro Se Office of the Court was unable to find counsel for the plaintiffs, I issued an order scheduling a pretrial conference. (Order dated Jan. 5, 2017). Following that conference, I issued an order instructing Mr. Chan to re-submit his motion to dismiss (Order dated Jan. 31, 2017), which he did (Notice of Motion to Dismiss dated March 31, 2017). The plaintiffs did not answer the motion.

Discussion

    A.   Supplemental Jurisdiction

When a district court has original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims meet this requirement if they "derive from a common nucleus of operative fact." Shahriar v. Smith & Wollensky Restaurant Group, Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quoting Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)). In wage and hour cases, "[t]ypically, supplemental jurisdiction is appropriate for [NYLL] claims during the employment relationship because those claims arise from the same underlying factual basis [as FLSA claims]." Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 393 (E.D.N.Y. 2007); see also Shahriar, 659 F.3d at 245 (holding that plaintiff's FLSA and NYLL actions "clearly derive from such a common nucleus of operative facts since they arise out of the same compensation policies and practices of [the defendant]").

In cases in which both federal and state claims are pled, 28 U.S.C. § 1367(c) provides that

> [t]he district court[] may decline to exercise supplemental jurisdiction . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The decision whether to exercise supplemental jurisdiction is a discretionary one left to the district court. Kolari v. New York Presbyterian Hospital, 455 F.3d 118, 122 (2d Cir. 2006). In determining whether to decline jurisdiction under one of these exceptions, a district court should "balance[] the traditional 'values of judicial economy, convenience, fairness, and comity.'"  Id. (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988)).

Although § 1367(c) is "permissive rather than mandatory[,] . . . the district court's discretion . . . is not boundless." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003). The factors to be considered will generally "point toward declining to exercise jurisdiction over the remaining state law claims" in cases when the federal claims are eliminated before trial. Cohill, 484 U.S. at 350 n.7. The Second Circuit has "repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims." Kolari, 455 F.3d at 124 (collecting cases).

  B. Application to the Plaintiffs' NYLL Claims

In support of his motion, Mr. Chan argues that I should decline to exercise jurisdiction over the plaintiffs' NYLL

claims because the case now meets two of the § 1367(c) exceptions. Namely, all of the original jurisdiction claims have been dismissed, and the state law claims raise a novel or complex issue of law.

The former proposition is undoubtedly true. At the close of the original trial, the federal claims over which I had original jurisdiction were dismissed. Yong Kui Chen, 2012 WL 997004, at *1. Accordingly, we now approach a new trial based only on state law claims.

It is also true that the plaintiffs' remaining state law claims likely would require this Court to decide a novel state law issue. The NYLL allows for some employers to claim a "tip credit" to pay a rate less than minimum wage to an employee who has tips that make up the difference. NYLL § 652(4). As of January 1, 2011, restaurant employment practices are governed by a wage order for the hospitality industry, which explicitly requires employers to meet certain notice requirements in order to be eligible for tip credits. N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.3. However, prior to 2011 and throughout the entire time period relevant to this case, restaurants were covered by a wage order specific to the restaurant industry, NYCRR tit. 12, § 137 (repealed 2011), https://www.labor.ny.gov/formsdocs/wp/CR137.pdf. This wage

order required employers to provide certain notices to their employees, NYCRR tit. 12, § 137-2.2, 2.3, and it allowed employers to take tip credits, NYCRR tit. 12, § 137-1.5. But it did not explicitly say that an employer had to comply with the order's notice requirements to be eligible to take a tip credit, though many courts have found such a requirement. See, e.g., Yong Kui Chen, 615 F. App'x at 14 n.2 (collecting cases). Other district courts have found otherwise. Id. at 14 (collecting cases). State court decisions do not provide any clarity on this issue, and I would have to decide the issue if the plaintiffs were to prevail. Thus, the claims brought by the plaintiffs raise a novel or complex issue of state law.

As this case falls under the exceptions listed in § 1367(c), it is left to my discretion to determine whether I should exercise supplemental jurisdiction over the plaintiffs' claims. See Kolari, 455 F.3d at 122. However, the Second Circuit has repeatedly found that a district court abuses its discretion when it exercises jurisdiction over state law claims raising unsettled issues after dismissing the claims that provided the jurisdictional hook, as would be the case here. See id. at 124 (collecting cases); Valencia, 316 F.3d at 306 (same). In one such case, the Second Circuit concluded that the district court had abused its discretion to exercise

supplemental jurisdiction over a novel state law issue even though all parties had assented to a court-proposed agreement by which the plaintiffs would drop their federal claims but would present one remaining state claim to the court for adjudication. Seabrook v. Jacobson, 153 F.3d 70, 73 (2d Cir. 1998).

Consideration of the appropriate factors in this case favors denying supplemental jurisdiction. Comity "reflects a proper respect for state functions," pointing in favor of allowing state courts to decide state law. Chenensky v. New York Life Insurance Co., 942 F. Supp. 2d 388, 395 (S.D.N.Y. 2013) (quoting Levin v. Commerce Energy, Inc., 560 U.S. 413, 421 (2010)). As this case raises an unsettled state law issue and no longer involves a federal claim, this factor weighs especially heavily. "Needless decisions of state law should be avoided . . . ." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

The remaining factors are complicated by the fact that I have already held a complete trial on the plaintiffs' claims. However, the analysis should be forward-looking. This case is proceeding toward a new trial with a new jury. With this in view, none of the other factors weigh heavily in favor of maintaining jurisdiction. The resources that have been expended to date are simply sunk costs, and neither party will be

significantly inconvenienced or prejudiced if the plaintiffs refile in state court. The parties will not have to duplicate any past efforts in state court that they would not have to duplicate for a new trial before me. I have made no rulings and issued no orders such that any party would unfairly benefit from dismissal, while by proceeding in state court, the parties will all benefit from "a surer-footed reading of applicable law." Id.

Conclusion

For the foregoing reasons, I decline to continue to exercise supplemental jurisdiction. The defendant's motion to dismiss (Docket no. 63) is granted, and the plaintiffs' NYLL claims are dismissed without prejudice to refiling in state court. The Clerk of Court is directed to enter judgment: (1) dismissing the plaintiffs' NYLL claims against Wai Yin Chan without prejudice, and (2) dismissing the FLSA claims with prejudice. The Clerk of Court is further requested to close this case.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
August 2, 2017

```
Copies transmitted this date to:

Zu Guang Zhu
48 Market Street, 3A
New York, NY 10002
(via U.S. Mail)

Zu Guang Zhu
43 Nostrand Ave., Apt. 3C
Brooklyn, NY 11206-5175
(via U.S. Mail)

Shui Bing Zhu
51 Denker Place
Staten Island, NY 10314
(via U.S. Mail)

Hao Chen
11 Purdue Street
Staten Island, NY 10314
(via U.S. Mail)
Guo Ren Huang
21 Clove Lake Place
Staten Island, NY
(via U.S. Mail)

You Huang Zhu
7 Chatham Square # C571
New York, NY 10038
(via U.S. Mail)

Jian Hui Lin
13248 41st Road, Apt. 4B
Flushing, NY 11355
(via U.S. Mail)

Brian D. Netter, Esq.
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006
(via ECF)
```